IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE, II,

    Petitioner,                    No. CIV S-12-0251 LKK DAD P

    vs.

STATE OF CALIFORNIA,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a former state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

**PRELIMINARY SCREENING**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

/////

1

answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

### BACKGROUND

On January 31, 2012, petitioner commenced this action by filing a petition for writ of habeas corpus. Therein, he alleges that on August 20, 2009, a Sacramento County Superior Court jury found him guilty of stalking. The trial court sentenced petitioner to two years in state prison. His judgment of conviction was affirmed by the California Court of Appeal and his Petition for Review was denied by the California Supreme Court. In his habeas petition pending before this court, petitioner asserts the following claims: (1) his conviction was based on inconsistent witness testimony; and (2) & (3) his stalking conviction should have been deemed a misdemeanor offense and not a felony. (Pet. at 5-6.)

### PETITIONER'S PRIOR PROCEEDINGS

The court's own records reveal that petitioner previously filed a petition for writ of habeas corpus in this court attacking the same underlying state court conviction. See Case No. CIV S-11-1549 GEB GGH.[1] In that previously-filed federal habeas action, petitioner raised four claims: (1) his stalking conviction should have been deemed a misdemeanor and not a felony; (2) his conviction was based on inconsistent witness testimony; (3) he did not commit a malicious act to support a stalking finding; and (4) he never made a threat to support a stalking finding. See Case No. CIV S-11-1549 GEB GGH.

On January 26, 2012, Magistrate Judge Gregory G. Hollows issued findings and recommendations, recommending petitioner's application for writ of habeas corpus in that case be dismissed without prejudice. After reviewing the petition, respondent's answer, and petitioner's traverse, Magistrate Judge Hollows determined that petitioner had raised both exhausted and unexhausted claims in his petition. Specifically, petitioner's claims that his

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  stalking conviction should have been deemed a misdemeanor and not a felony, that his
2  conviction was based on inconsistent witness testimony, and that he did not commit a malicious
3  act to support a conviction for stalking were all unexhausted.  The only claim petitioner had
4  exhausted was his claim that he never made a threat to support a conviction for stalking.
5  Magistrate Judge Hollows advised petitioner that a federal district court cannot grant a petition
6  for writ of habeas corpus unless the petitioner has exhausted his state court remedies, and while a
7  federal court can stay a petition and hold it in abeyance, petitioner had not requested a stay or
8  demonstrated good cause for a stay.  Id.
9        On February 15, 2012, District Judge Garland E. Burrell, Jr. adopted the findings
10 and recommendations in full and dismissed the petition without prejudice.  Judge Burrell also
11 declined to issue a certificate of appealability.  Id.

## ANALYSIS

13       The exhaustion of state court remedies is a prerequisite to the granting of a
14 petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must
15 be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,
16 thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
17 providing the highest state court with a full and fair opportunity to consider all claims before
18 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
19 Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).
20       For the same reasons discussed in Magistrate Judge Hollows' findings and
21 recommendations in Case No. CIV S-11-1549 GEB GGH, the court finds that the claims in
22 /////
23 /////
24 /////

---

[2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

petitioner's pending habeas petition are unexhausted.³  In this regard the court notes that in his form habeas petition filed in this action, petitioner acknowledges that has still not presented any of his claims to the California Supreme Court on direct appeal or through a petition for writ of habeas corpus.  (Pet. at 3-4.)  Accordingly, the court concludes that this action should be dismissed without prejudice due to petitioner's failure to exhaust his claims by fairly presenting them to the California Supreme Court.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) be denied;

2. Petitioner's application for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice for failure to exhaust state court remedies; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

/////

/////

---

³ Magistrate Judge Hollows determined that petitioner had exhausted one of his claims in the petition in that case.  However, petitioner has not asserted that exhausted claim in his pending petition.

4

1  11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

2  certificate of appealability when it enters a final order adverse to the applicant).

3  DATED: March 1, 2012.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

6  DAD:9
   houz0151.156